DAVID G. COX, ESQ. (OH Bar No. 0042724)
dcoxlaw@columbus.rr.com
THE LAW OFFICE OF DAVID G. COX
4240 Kendale Road
Columbus, OH 43220
Telephone: (614) 457-5167

STEPHANIE M. ROCHA, ESQ., SBN 266030
smr@millermorton.com
MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, California 95110
Telephone: (408) 292-1765
Facsimile: (408) 436-8272

Attorneys for Plaintiff, Organic Pastures
Dairy Company, LLC

THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Organic Pastures Dairy Company, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> Kathleen Sebelius, Secretary of the United States Department of Health and Human Services; United States Department of Health and Human Services; Margaret A. Hamburg, Commissioner, United States Food and Drug Administration; United States Food and Drug Administration <br><br> Defendants. | Case No.: <br><br> **PETITION FOR WRIT OF MANDAMUS** <br><br> Date: <br> Time: <br> Dept: <br> Judge: |

This is an action brought by Plaintiff Organic Pastures Dairy Company, LLC ("Organic Pastures" or "Plaintiff") under the All Writs Act, 28 U.S.C. 1651, and the Administrative Procedure Act ("APA"), 5 U.S.C. 701, *et seq.* that seeks a Writ of Mandamus ordering the United States Food and Drug Administration (FDA) to

take final action on a petition submitted by Organic Pastures to FDA nearly four years ago.

## GENERAL ALLEGATIONS

Nature of Action

Plaintiff seeks a Writ of Mandamus to order FDA to take final agency action on a petition submitted by Organic Pastures to FDA on December 22, 2008. As of this date, FDA has not taken any action on Organic Pastures' petition.

The Parties

1. Plaintiff Organic Pastures is a company that is engaged in the business of selling raw dairy products, including but not limited to raw fluid milk and butter and cream, to customers, wholesale and retail, within the State of California.

2. Plaintiff's net worth is less than $7 million and it has less than 500 employees.

3. Defendant Kathleen Sebelius is the current Secretary of the United States Department of Health and Human Services ("HHS"). Defendant Sebelius is being named a party in her official capacity as Secretary of HHS.

4. Defendant HHS is the executive department having jurisdiction over the United States Food and Drug Administration ("FDA").

5. Defendant Margaret Hamburg is the current Commissioner of FDA. As Commissioner, Ms. Hamburg is responsible for the direction and supervision of all operations and activities of the FDA. Defendant Hamburg is being named a party in her official capacity as Commissioner of FDA.

6. Defendant FDA is the administrative agency granted authority by Congress to regulate the interstate sale of food in the United States.

Jurisdiction and Venue

7. This Court has jurisdiction pursuant to 28 U.S.C. 1331 because this case addresses a federal question and pursuant to 28 U.S.C. 1346(a)(2) because an agency of the United States is a party.

PETITION FOR WRIT OF MANDAMUS

8.   Venue lies with this Court under 28 U.S.C. 1391(e)(1)(C) because this action is against an agency of the United States, Plaintiff resides in this District, and no real property is involved in this action.

Standing

9.   5 U.S.C. 551(13) defines "agency action" as, in part, "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, *or failure to act*." (Emphasis added).

10.   5 U.S.C. 702 provides, in part, that a party who has suffered "legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

11.   5 U.S.C. 706(1) provides, in part, that a court reviewing agency action shall "compel agency action unlawfully withheld or unreasonably delayed."

12.   Under the Administrative Procedure Act, 5 U.S.C. 551 *et seq.*, a party may seek "judicial review of prolonged agency inaction." *Costle v. Pacific Legal Foundation*, 445 U.S. 198 (1980).

13.   The power grounded in 5 U.S.C. § 706(1) to compel agency action can also be effectuated through the use of a writ of mandamus. *Potomac Elec. Power Co. v. I.C.C.*, 702 F.2d 1026, 1034 (D.C. Cir. 1983).

14.   21 C.F.R. 10.25(a) provides, in part, that an interested person "may petition the Commissioner to issue, amend, or revoke a regulation * * * in the form of a citizen petition in § 10.30."

15.   21 C.F.R. 10.30(e)(2) provides, in part, that when FDA receives a petition, it shall do one of three things within 180 days of receipt of the petition: (i) approve the petition, (ii) deny the petition, or (iii) provide a tentative response and indicate why FDA has been unable to reach a decision on the petition.

16.   On December 22, 2008, Plaintiff Organic Pastures submitted a petition to FDA pursuant to the administrative requirements of 21 C.F.R. Part 10.

17. Upon information and belief, FDA received the petition on January 5, 2009.

18. Plaintiff Organic Pastures' petition requested a modification to 21 C.F.R. 1240.61, which provides, in part, that no person shall:

> "cause to be delivered into interstate commerce or shall sell, otherwise distribute, or hold for sale or other distribution after shipment in interstate commerce any milk or milk product in final package form for direct human consumption unless the product has been pasteurized or is made from dairy ingredients (milk or milk products) that have all been pasteurized...."

19. Plaintiff Organic Pastures' petition requested that 1240.61's prohibition contain an exemption, i.e., that raw milk which can be legally sold in one state (for example in California) can be transported in final package form for human consumption across state lines and delivered to a customer in another state where raw milk sales are also legal in that receiving state (for example Arizona).

20. FDA failed to respond to Organic Pastures' petition within 180 days as required by 21 C.F.R. 10.30(e)(2).

21. After the 180 day deadline passed, FDA issued a letter to Organic Pastures dated July 17, 2009.

22. In their letter, FDA did not give a tentative response to Organic Pastures' petition. Instead, FDA claimed that it could not provide a tentative response because "of the limited availability of resources and other agency priorities."

23. On July 31, 2012, more than three years after FDA's initial non-responsive letter, counsel for Organic Pastures sent a letter to FDA seeking final agency action on Organic Pastures' petition.

24. On August 29, 2012, FDA issued another letter and again failed to provide a tentative response, claiming it "is developing a response to the petition."

25. On August 30, 2012, counsel for Organic Pastures sent an email to FDA asking when the "developing" response would be forthcoming.

PETITION FOR WRIT OF MANDAMUS

26. On August 31, 2012, FDA responded and stated it "cannot be any more definite about a date for a response."

27. To this day, nearly four years later, FDA has failed to take final agency action on Organic Pastures' petition.

28. Organic Pastures has no other remedy to force FDA to take action on its petition than to obtain a Writ of Mandamus from this Court.

## COUNT ONE

29. Paragraphs 1 through 28 are hereby incorporated in this Count as if rewritten herein.

30. FDA has had nearly four years to take final agency action on Organic Pastures' petition yet as of this date has failed to take any final action.

31. FDA's failure to take final action constitutes final agency action under the APA for which judicial relief is available.

32. Accordingly, FDA has violated its mandatory duty under 21 C.F.R. 10.30 to approve or deny Organic Pastures' petition, for which a Writ of Mandamus should issue.

WHEREFORE, Plaintiff prays that the Court:

## PRAYER FOR RELIEF

1. Issue a Writ of Mandamus ordering FDA to issue a notice of proposed rulemaking on Organic Pastures' petition within 30 days of the issuance of the Writ, and to proceed expeditiously thereafter to complete any ensuing rule making proceeding;

2. Declare Organic Pastures a "prevailing party" as that term is used in 28 U.S.C. 2412;

3. Declare that FDA's failure to take was not "substantially justified" as that term is used in 28 U.S.C. 2412;

4. Award Organic Pastures all of its "fees and other expenses" as that term is used in 28 U.S.C. 2412;

5. Award such other relief it deems necessary and just.

Dated: December 12, 2012     Respectfully submitted,

DAVID G. COX

and

/s/ Stephanie M. Rocha
STEPHANIE M. ROCHA

Attorneys for Plaintiff Organic Pastures Dairy Company, LLC

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765